IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TELLEY L. MCLEMORE,

    Plaintiff,

v.

APRIL C. HENRY,

    Defendant.

CIVIL ACTION NO.: 6:19-cv-45

# O R D E R

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* on Appeal in this breach of contract action against Defendant for an alleged violation of a non-disclosure agreement. (Doc. 21.) Plaintiff, who is proceeding *pro se*, was granted *in forma pauperis* status in this case, (doc. 6), but the Court dismissed the case shortly thereafter because the Court lacks subject matter jurisdiction, as all involved parties were apparently, at all relevant times, Georgia residents, (docs. 9, 16). Plaintiff thereafter filed a Notice of Appeal of the dismissal. (Doc. 18.) For the reasons set forth below, the Court **CERTIFIES** that Plaintiff's appeal is not taken in good faith and **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* on Appeal. (Doc. 21.)

Typically, "[a] party who was permitted to proceed *in forma pauperis* in the district court action[] . . . may proceed on appeal *in forma pauperis* without further authorization" unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding . . . ." Fed. R. App. P. 24(a)(3); see also 28 U.S.C. § 1915(a)(3). In this context, good faith "must be judged by an objective standard." Coppedge v. United States, 369 U.S. 438, 445

(1962). A party does not proceed in good faith when it seeks to advance a frivolous claim or argument. Id.; see also United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989) ("An appeal is not taken in good faith when a litigant seeks the review of issues which are frivolous from an objective standard."); Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *12 (M.D. Fla. Oct. 9, 2014) ("A party demonstrates good faith by seeking appellate review of an issue that is not objectively frivolous.").

A claim or argument is frivolous when it appears "the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Or, stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (internal quotations and citations omitted).

Here, neither Plaintiff's Motion, (doc. 21), nor his Notice of Appeal, (doc. 18), identify any grounds, much less a good faith ground, upon which he seeks review. His Motion only contains facts relevant to demonstrating his indigency. (See doc. 21.) In dismissing Plaintiff's Complaint, the Court found that Plaintiff's "allegations remain entirely fantastical and continue to stretch credulity." (Doc. 16, p. 1.) In addition, the Court stated that the Complaint's mere mention of certain federal statues did not establish subject matter jurisdiction. See, e.g., Welch v. Pen Air Fed. Credit Union, No. 18-00220-B, 2019 WL 4684453, at *6 (S.D. Ala. Sept. 25, 2019) ("[Plaintiff's] amended complaint merely lists multiple statutes, without context or intelligible explanation. That is simply not adequate to establish a federal question under the well-pleaded

complaint rule."); Richardson v. Park Soleil Vacation Owners Ass'n, Inc., No: 6:17–cv–940–Orl–41TBS, 2017 WL 6373924, at *1 (M.D. Fla. Dec. 13, 2017) (amended complaint did not invoke the court's subject matter jurisdiction because it just "list[ed] various federal statutes but never connect[ed] them to Defendants' alleged wrongdoing").  Accordingly, the Court finds that Plaintiff's chances of success are so slight that the appeal "is not one capable of being convincingly argued."  Harris v. Menendez, 817 F.2d 737, 740 n.5 (11th Cir. 1987), *abrogated on other grounds by* Neitzke, 490 U.S at 324 n.3.  Consequently, the Court hereby **CERTIFIES** that Plaintiff's appeal is not taken in good faith and **DENIES** his Motion to Proceed *In Forma Pauperis* on Appeal.  (Doc. 21.)

**SO ORDERED**, this 13th day of April, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA